UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| PHILLIP WHITCHER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:15-cv-313-SKL |
|  | ) |  |
| DAY & ZIMMERMANN NPS, INC., and | ) |  |
| BILL JOHNSON, President and CEO, | ) |  |
| TENNESSEE VALLEY AUTHORITY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is a motion and supporting memorandum filed by Defendant Day & Zimmermann NPS, Inc. ("DZNPS" or "Defendant DZNPS"), requesting the Court (1) to compel co-Defendant Bill Johnson, President and CEO of Tennessee Valley Authority ("TVA" or "Defendant TVA") to present one or more corporate representatives for a Federal Rule of Civil Procedure 30(b)(6) deposition; and (2) to extend the dispositive motion deadline for DZNPS [Doc. 61, 62]. The Court ordered an expedited briefing schedule on this motion, in consideration of the upcoming deadlines in this case [Doc. 63]. TVA filed a response [Doc. 64], and DZNPS replied [Doc. 66]. Thereafter, Plaintiff Phillip Whitcher ("Plaintiff") filed a response that opposed DZNPS' request to extend the dispositive motion deadline [Doc. 67]. The matter is now ripe.

A second motion is also before the Court. TVA attached to its response brief an email chain [Doc. 64-1] that inadvertently contained information shared between the various parties' counsel that TVA believes to be confidential and immaterial to the issues before the Court. TVA

1

filed a subsequent motion to withdraw the previously filed attachment and substitute a redacted attachment [Doc. 68]. TVA's redacted attachment is identical to the original with one exception – the information at issue has been redacted. TVA's motion to withdraw the previously filed attachment is **GRANTED** and the Clerk is **DIRECTED** to disable the unredacted attachment [Doc. 64-1]. In resolving DZNPS' motion, the Court will consider TVA's attachment with redactions [Doc. 68-1] in place of the original [Doc. 64-1].

After careful consideration, the motion filed by DZNPS is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

I. **BACKGROUND**

The parties' original scheduling order, entered in May 2016, provided that all dispositive motions must be filed by June 2, 2017 [Doc. 30 at Page ID # 126]. In the same scheduling order, the parties set May 5, 2017 as the deadline for concluding discovery [*id.* at Page ID # 125].

DZNPS first served its Notice of 30(b)(6) Deposition on TVA on April 7, 2017, which provided that the deposition had been scheduled for April 25, 2017 [Doc. 62 at Page ID # 285; Doc. 62-1]. According to DZNPS, TVA later asked to reschedule the deposition to May 5, 2017 [Doc. 62 at Page ID # 283]. After the parties agreed to the new date and DZNPS served an amended notice of deposition, TVA asked again if the deposition could be postponed, this time until May 25, 2017 [*id.* at Page ID # 284]. TVA explains that the deposition date was selected as follows:

> On April 10, 2017, Tom Carson [("Mr. Carson")] was deposed, and DZNPS attended his deposition. Mr. Carson was the TVA start up manager at WBN 2 during the period relevant to Plaintiff's claims, and TVA agreed to a continuation of the deposition to allow Plaintiff to examine Mr. Carson regarding a declaration produced by TVA after April 10. The continuation of Mr. Carson's personal deposition was scheduled for May 25.

2

[Doc. 64 at Page ID # 317, ¶ 1] (footnote in original omitted). According to DZNPS, in April "TVA counsel Tricia Roelofs . . . proposed May 25, 2017 as the date for this 30(b)(6) deposition" because "TVA, by its own admission, including in open court on April 11, 2017, was struggling to produce documents and information that had been identified in the parties' initial disclosures and requested and promised in discovery for many months." [Doc. 66 at Page ID # 330]. The April 11, 2017 hearing was on TVA's motion to extend certain scheduling order deadlines. Following that hearing, the Court entered an Agreed Order [Doc. 57] that extended certain deadlines. TVA now points out that, "With the exception of an extension until May 12, for the taking of Plaintiff's deposition, the Agreed Order contains no extension for the taking of any *party* depositions." [Doc. 64 at Page ID # 317, ¶ 2] (emphasis in original).

Still, an agreement appears to have existed between counsel for co-Defendants that the Rule 30(b)(6) deposition of a TVA representative would take place. DZNPS and TVA discussed matters concerning the deposition in the days leading up to May 25, 2017. TVA states that on May 15, 2017, its counsel "participated in an approximately one hour teleconference with counsel for DZNPS to confer regarding the scope of matters listed in its deposition notice, and the parties agreed to continue the discussion until May 22, to allow time for the undersigned counsel and Mr. Carson to meet on May 21." [Doc. 64 at Page ID # 318, ¶ 5] (footnote omitted). Sometime before the May 21 meeting, Mr. Carson learned of a family emergency that caused him to be unavailable for several days. On May 23, 2017, James Chase ("Mr. Chase"), counsel for TVA, informed Lawrence Eastwood ("Mr. Eastwood"), counsel for DZNPS, that Mr. Carson would be unavailable for the deposition [Doc. 62-5 at Page ID # 307]. Mr. Eastwood inquired as to when the deposition would occur [*id.*]. Chase responded by email on May 24, 2017, stating in part:

> Mr. Carson . . . will not be available tomorrow to appear for the continuation of his personal deposition or as TVA's designated agency representative for matters listed in DZNPS' amended notice of party deposition pursuant to Fed. R. Civ. P. 30(b)(6). This email further confirms that TVA previously informed DZNPS of its objections to matters listed in the notice and amended notice; that TVA and DZNPS were negotiating to resolve TVA's objections; and that an agreed disposition of TVA's objections is dependent TVA's discussion of those matters with Mr. Carson. Finally, this confirms that TVA will not designate an alternate agency representative to appear for deposition on May 25, 2017.

[Doc. 62-7 at Page ID # 312-13]. Mr. Eastwood replied that TVA had not "formally or informally 'objected' to any of DZNPS's three Rule 30(b)(6) notices that date back to April 7." [*Id.* at Page ID # 312]. The same day, DZNPS filed the instant motion to compel or for an extension of its dispositive motion deadline. TVA's counsel later provided that Mr. Carson could be available for the 30(b)(6) deposition on June 6 or 7, 2017 [Doc. 68-1 at Page ID # 340], after the dispositive motion deadline.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Pursuant to Rule 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, "[a] party may, by oral questions, depose any person, including a party . . . ." Fed. R. Civ. P. 30(a)(1). Under Rule 30(b)(6), "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity" and "[t]he

named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."

### B. TVA'S OBJECTIONS TO DZNPS' NOTICE OF 30(B)(6) DEPOSITION

TVA raises for the first time in its response brief to the current motion certain objections to the areas of examination 4, 5, and 6 identified in DZNPS' Second Amended 30(b)(6) Deposition [Doc. 64 at Page ID # 319, ¶ 7]. TVA did not raise its objections to the deposition in a separate motion. The Court **FINDS** the objections TVA raised in its responsive pleading to the contents of the Notice of 30(b)(6) deposition are not properly before the Court, and the Court **DECLINES** to address any such objections.

### C. RULE 30(B)(6) DEPOSITION

TVA now characterizes DZNPS' Rule 30(b)(6) deposition as an "out-of-time deposition" [Doc. 64 at Page ID # 319], as the deadline for discovery was May 5, 2017 and the Agreed Order extending certain deadlines in the scheduling order did not contain an extension of time in which to take party depositions [*id.* at Page ID # 317]. DZNPS, however, first served notice of the Rule 30(b)(6) deposition on TVA in early April, within the discovery period. In that notice, DZNPS scheduled the deposition for April 25, 2017, still before the discovery deadline. Based on requests – that DZNPS asserts came from TVA – the parties agreed to postpone the deposition, first to a later date still within the discovery period and then later to a date after the discovery deadline but before the dispositive motion deadline. As the date of the deposition approached, TVA provided that its selected agency representative was unavailable and that it would not provide an alternative representative. Aside from raising certain issues in its response brief to the current motion, at no point did TVA file with the Court any objections to the Notice of 30(b)(6) Deposition after being first served with it in April.

DZNPS takes the position that "an entity the size of TVA should be able to prepare more than one representative to testify on the fairly general topics listed in the areas of examination on DZNPS's latest Rule 30(b)(6) deposition notice."  [Doc. 62 at Page ID # 286].  Pursuant to Rule 37(a)(3)(ii), DZNPS now moves "for an order compelling an answer, designation, [or] production," which is available "if . . . a corporation or other entity fails to make a designation under Rule 30(b)(6)."

The Court finds the parties have conferred in good faith in an attempt to resolve the current matter without the Court's intervention.  Fed. R. Civ. P. 37(a)(1).  To that end, an agreement appears to have existed between counsel for Defendants that the Rule 30(b)(6) deposition of a TVA representative would take place after the discovery period.  Notably, TVA still offers to make Mr. Carson available for the continuation of his personal deposition and as TVA's designee for 30(b)(6) deposition. Regarding the deposition between the Defendants, the current dispute appears to primarily concern the date on which the deposition will take place. TVA is **ORDERED** to present one or more corporate representatives for a Rule 30(b)(6) deposition by DZNPS **on June 14, 2017.**  At TVA's request [Doc. 64 at Page ID # 319, ¶ C], the parties are **ORDERED** to also schedule the continuation of Mr. Carson's personal deposition on **June 14, 2017**, if possible. The cost of expediting the transcript of the Rule 30(b)(6) deposition or obtaining a real-time transcript of the deposition will be shared equally among Defendants TVA and DZNPS and provided to Plaintiff at no increased cost.  To the extent any party wishes to rely on information from any deposition in any dispositive motion filing, correct citation to the deposition transcript is required.

## D. EXTENSION OF DISPOSITIVE MOTION DEADLINE

DZNPS also requests an extension of its dispositive motion deadline until June 15, 2017 [Doc. 66 at Page ID # 330]. The scheduling order currently in place sets the dispositive motion deadline at June 2, 2017 [Doc. 30]. Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

Plaintiff, whose claims would be the likely target of any dispositive motion by DZNPS, asserts in his response that DZNPS has not met the good cause standard because any relevant information to be obtained from the 30(b)(6) deposition has already been provided through other discovery [Doc. 67]. DZNPS asserts that the deposition of TVA's corporate representative is necessary to its contemplated summary judgment motion, such that "[a]ny other result will unfairly and improperly prejudice DZNPS's interests and rights" and ability to defend itself in the litigation. [Doc. 62 at Page ID # 285-86]. It further asserts that, "TVA's various discovery delays, while perhaps unavoidable in some instances, effectively precluded DZNPS from insisting on going forward with the Rule 30(b)(6) deposition of TVA's corporate representative any earlier in this case." [*Id.* at Page ID # 286]. DZNPS argues it would be "prejudiced by not being able to complete this important deposition and use the evidence it gathers from it in support of its Rule 56 motion." [*Id.*]

The Court finds DZNPS has established sufficient cause to extend its (and Plaintiff's) dispositive motion deadline under the circumstances alleged here. Accordingly, DZNPS' motion to extend its dispositive motion deadline to June 15, 2017 [Doc. 61] is **GRANTED**. In an effort to reach a just result, Plaintiff, who appears to bear no fault in the creation of the current situation, shall also be granted an opportunity to file any dispositive motion until June 15, 2017. **All other deadlines set forth in the scheduling order shall remain the same**. However,

7

Plaintiff and DZNPS are forewarned that if he or it exercises the right to wait until the final day allowable to file any dispositive motion, June 15, 2017, then that motion likely will not be ruled upon prior to the final pretrial conference.

## III. CONCLUSION

For the reasons stated above, DZNPS' motion [Doc. 61] is **GRANTED IN PART AND DENIED IN PART** as follows. TVA is **ORDERED** to present one or more corporate representatives for a Rule 30(b)(6) deposition on the noticed topics **on June 14, 2017**. The dispositive motion deadline for Plaintiff and DZNPS **only** is extended to **June 15, 2017.** TVA **SHALL** abide by the June 2 deadline.

TVA's motion [Doc. 68] to withdraw the previously filed attachment [Doc. 64-1] is **GRANTED**.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE